OPINION OF THE COURT
Arnold G. Fraiman, J.
This is an application pursuant to CPLR article 78 for an order enjoining respondent New York City Health and Hospitals Corporation from entering into a contract for the heating, ventilating and air-conditioning work in connection with the renovation of Harlem Hospital with any bidder other than petitioner, and declaring that respondent’s determination that Aircontrol Industries, Inc. (Aircontrol) is not a bona fide minority business enterprise (MBE), is arbitrary, x capricious *16 and contrary to law. Respondent cross-moves for an order dismissing the petition.
Petitioner is a mechanical contractor specializing in heating, ventilating and air-conditioning construction work. In early autumn of 1977, respondent advertised for bids on a contract for heating, ventilating and air-conditioning work to be performed in conjunction with renovations being made at Harlem Hospital. Funds for the contract were derived through a Federal grant issued by the Department of Commerce pursuant to the provisions of the Public Works Employment Act of 1977 (US Code, tit 42, § 6701 et seq.) which provides in part that (§ 6705, subd [f], par [2]), "no grant shall be made under this chapter for any local public works project unless the applicant gives satisfactory assurance to the Secretary [of Commerce] that at least 10 per centum of the amount of each grant shall be expended for minority business enterprises.”
On November 9, 1977 petitioner submitted its bid on the contract, which proved to be the low bid. As part of its submission, it designated Aircontrol as its MBE subcontractor. Aircontrol was to perform the sheet metal work under the prime contract and it was stated, and it is not controverted, that the sheet metal work would exceed 10% of the amount of the grant. Nevertheless, following a hearing before respondent’s Board of Contract Responsibility, respondent notified petitioner on November 22, 1977 that its bid was rejected because Aircontrol was not a bona fide MBE. Thereafter, respondent awarded the contract to the second low bidder.
Petitioner contends that respondent’s determination that Aircontrol is not a bona fide MBE, and its refusal to award the contract to petitioner was arbitrary, capricious and contrary to law. An examination of the pertinent facts, however, clearly demonstrates that respondent’s determination was fully justified. Indeed, it might well have been an abuse of discretion for it to have determined otherwise. The uncontested evidence discloses that until October 7, 1977, a date subsequent to the issuance of respondent’s invitation to bid, petitioner was the sole owner of Aircontrol. On that date it entered into a so-called "memorandum of sale” with one Chris W. Cunningham, a Black man. The memorandum provided that Cunningham had that day purchased 50% of the stock of Aircontrol for $50,000. Payment for the stock was to be deferred over a five-year period, the first payment to be due in December, 1978. Pending payment in full, the stock was to be *17 held in escrow by a third person. Cunningham is in the catering business. He has absolutely no experience in the sheet metal trade or any other construction trade.
In the "Guidelines for 10% Minority Business Participation in LPW (Local Public Works) Grants” published by the Economic Development Administration of the Department of Commerce, it is stated that "[a]n MBE is bona ñde if the minority group ownership interests are real and continuing and not created solely to meet 10% MBE requirements.” Aircontrol patently fails to meet this criterion. The timing of the transfer of a stock interest in Aircontrol to Cunningham, coming as it did after the invitation to bid was advertised; petitioner’s own financial interest in Aircontrol; Cunningham’s total lack of experience in the construction trades or even a related field; the acquisition of Cunningham’s stock interest without any cash payment, and with no payment due for 15 months after his purported acquisition; and the fact that no stock has been delivered to Cunningham, but is being held in escrow, all lead to the ineluctable conclusion that Aircontrol is not a bona fide minority business enterprise, and that the purported memorandum of sale between petitioner and Cunningham was a flagrant attempt to circumvent the provisions of the Public Works Employment Act of 1977. The petition is denied and the cross motion to dismiss the petition is granted, with costs.